## *JOHN MASON ET AL.

### v.

## THE PEOPLE, ETC.

1. DIRECTION OF ATTORNEY—NEGLIGENCE.—While the direction of an attorney to a client that he need not do a thing is no excuse for not doing it, yet when it appears that both the attorneys in the case and the defendant were misled by an agreement as to venue, and the question is whether or not the defendant has been guilty of laches or negligence, a different rule prevails.

2. POWER TO SET ASIDE FORFEITURE—DISCRETION.—The discretion of a court in passing upon a motion to set aside a forfeiture of recognizance is a sound legal discretion, the abuse of which may be reviewed in this court.

3. FORFEITURE OF RECOGNIZANCE.—The court is of opinion that the ends of justice demand that the forfeiture of the recognizance in this case should have been set aside, and that it was error in the court below to refuse to do so.

ERROR to the County Court of Jasper county; the Hon. J. W. GIBSON, Judge, presiding. Opinion filed November 27, 1885.

Mr. J. M. HONEY, for plaintiffs in error.

Messrs. GIBSON & JOHNSON and Mr. B. F. HARRAH, for defendants in error.

WILKIN, J. H. H. Harris as principal, with the other plaintiffs in error as his sureties, entered into a recognizance in the sum of $500 for his appearance at the August term, 1881, of the Jasper County Court to answer to a criminal charge. The case was continued from term to term until at the February term, 1883, a forfeiture of the recognizance was taken and a *sci. fa.* ordered. At the August term, 1883, there was a motion by plaintiffs in error to set aside the forfeiture, and this motion was continued to the February term, 1884, when it was overruled. On plea to the *sci. fa.* and issue joined, a

*The case of John Mason et al. v. The People involves the same principle as this, and is reversed and remanded for the same reason.

trial was had and judgment for plaintiff for $500 and costs. In the view we take of the case it is only necessary in this opinion to consider whether or not the court below erred in overruling the motion to set aside the forfeiture. On the hearing of that motion it was shown by affidavits that on the 24th day of May, 1882, the defendant Harris filed his affidavit in said county court for a change of venue. The next day this agreement was filed:

"It is hereby agreed that the venue in these causes shall be removed to the Circuit Court of Lawrence county, Illinois, at its August term, A. D. 1882.

GEO. W. FITHIAN, State's Att'y.

RINEHART & WILSON, Att'ys for Deft."

In the affidavit of defendant Harris, filed in support of the motion, he swears that he relied on this agreement; that after it was made he was informed by his attorneys that the venue was changed, and that he need not attend the Jasper County Court, further; that he was in Lawrence county attending the circuit court when he learned the forfeiture had been asked for; that he immediately telegraphed one of his sureties that he would be in Newton as soon as he could get there; that he immediately started and did arrive there on the Wednesday after the court had convened on Monday, but found it adjourned; that he saw the judge, who informed him that he could set aside the default at next term. The affidavits of E. S. Wilson, John Mason, T. W. Hutchinson and E. N. Rinehart, also filed in support of the motion, corroborate that of Harris. It is not denied that the agreement to change the venue was made, nor that this case was included in it. To take a forfeiture of a recognizance under such a state of facts would seem to be so unfair and unjust to a defendant and his sureties that one is forced to the conclusion that it was done under a misapprehension, or in ignorance of the facts, and to refuse to set it aside on so full a presentation of the facts, especially when the defendant is present and may be held to answer to the charge, is, in our opinion, an abuse of sound legal discretion.

We are not called upon to decide whether or not the affidavit

for a change of venue, and the agreement legally changed the venue, but only whether or not they were calculated to lead a reasonably prudent and careful man to honestly believe that the venue was changed, and whether or not the defendant Harris did, in good faith, believe that his attendance upon the Jasper County Court was no longer required.   Had the information given him by his attorneys been but the expression of a legal opinion, or directions given independent of any agreement, there would be some force in the suggestion that the direction of an attorney to a client that he need not do a thing, is no excuse for not doing it; but when it appears that both the attorneys and the defendant were misled by the agreement, and the question is whether or not the defendant has been guilty of *laches*, or negligence, a very different rule must obtain.

In Wray et al. v. The People, 70 Ill. 668, the Supreme Court say :   " We think the defendant Wray showed sufficient cause to have the forfeiture of the recognizance set aside.   The affidavits filed by him showed that his failure to appear in court in obedience to the requirements of the recognizance was not for the purpose or with the intent to evade the law."   And, again, this language is used :   " It may be said that the criminal court was vested with discretionary power to allow or refuse the motion of the defendant.   While the act provides the court may in its discretion set aside the order of forfeiture, the obvious intent and meaning of the law is, the court must exercise a sound legal discretion; and when it appears that discretion has been abused or not properly exercised in the administration of justice, it may often be the duty of appellate courts to review and correct the decisions of the lower courts."

We think this case stronger in all its features for plaintiffs in error than that was for Wray and his surety.   We are convinced that the ends of justice demand that the forfeiture of the recognizance should have been set aside, and that it was error in the court below to refuse to do so, and for that error the case is reversed and remanded.

Judgment reversed.